**JOINT COUNCIL 73, et al., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and Charles M. Carberry, Investigations Officer, Defendants.**

**90 Civ. 1475 (DNE).**

United States District Court, S.D. New York.

July 23, 1990.

Charles M. Carberry, Investigations Officer, New York City (Robert W. Gaffey, of counsel).

Guazzo, Perelson, Rushfield & Guazzo, New York City (Mark C. Rushfield, Caesar C. Guazzo, Delia M. Guazzo, of counsel), for Joint Council 73 and Local 641.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Plaintiff filed this action, related to *United States v. International Brotherhood of Teamsters*, 88 Civ. 4486 (DNE) (the "underlying suit") seeking injunctive and declaratory relief. Defendant Carberry moved to dismiss the complaint pursuant to Fed.R. Civ.Pro. 12(b)(6). For reasons to be discussed below, defendant's motion is granted.

---

## I. Background

The United States of America (the "Government") brought the underlying suit on June 28, 1988, charging the International Brotherhood of Teamsters (the "IBT"), members of its General Executive Board (the "GEB"), and others with civil RICO violations, principally facilitating La Cosa Nostra's continuing influence over the IBT. The underlying suit was settled by entry of a consent order dated March 14, 1989 (the "Consent Decree"), which created a remedial scheme by amending certain election and disciplinary provisions of the IBT constitution. The Consent Decree provided for the appointment of three Court officers to oversee its implementation; the Independent Administrator, the Election Officer, and the Investigations Officer. Instant plaintiffs Joint Council 73 and Local 641 are subordinate entities of the IBT. Instant defendant Carberry is the court appointed Investigations Officer.

The instant matter has an involved procedural history. On December 4, 1989, defendant Carberry, in his capacity as the court-appointed Investigations Officer, served upon Joint Council 73 and Local 641 demands to inspect their respective books and records pursuant to his authority under ¶ F.12.(C)(i)(a) of the Consent Decree. On December 8, 1989, plaintiffs brought this action in United States District Court for the District of New Jersey (the "New Jersey court") to enjoin the Investigations Officer from examining their books and records.

On December 15, 1989, the Government requested and this Court issued a temporary restraining order pursuant to the All Writs Act, 28 U.S.C. § 1651, barring the plaintiffs from prosecuting the instant action in any forum other than the Southern District of New York. On January 17, 1990, this Court issued an opinion and order permanently enjoining any litigation concerning the Consent Decree in any forum other than the Southern District of New York. See January 17, 1990 Opinion and Order, 728 F.Supp. 1032, 1039 (S.D.N.Y.1990), aff'd 907 F.2d 277 (2d Cir.1990).

The instant plaintiffs neither dismiss their suit in the New Jersey court nor transfered that action to the Southern District of New York. See January 17 Order, supra, 728 F.Supp. at 1058, aff'd 907 F.2d 277 (2d Cir.1990). On December 14, 1989, the Investigations Officer moved the New Jersey court to transfer the instant case to the Southern District of New York. On December 20, 1989, the New Jersey court stayed that motion pending the outcome of the All Writs Act litigation before this Court. On January 18, 1990, the Investigations Officer informed the New Jersey court of this Court's January 17, 1990 Order. On February 15, 1990, the New Jersey court granted the Investigations Officer's motion to transfer venue to this Court.

On April 2, 1990, the Investigations Officer filed the instant motion to dismiss plaintiffs' complaint in its entirety. Plaintiffs opposed the instant motion, and moved for recusal pursuant to 28 U.S.C. § 455(a). In a Memorandum and Order dated April 2, 1990, this Court denied plaintiffs' recusal motion.

Plaintiffs' complaint seeks (1) an injunction barring the Investigations Officer from examining their books and records; and (2) a declaratory judgment that the demand for production under ¶ F.12.(C)(i)(a) violates the IBT constitution and that plaintiffs are not obligated to comply with the discovery requests.

## II. Discussion

It is well-settled in this circuit that in considering a motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6), the court should view the complaint in the light most favorable to the plaintiff. I have, and find that in this instance, plaintiffs' allegations are specifically precluded by determinations of this Court and the Court of Appeals for the Second Circuit regarding the underlying suit. See November 2, 1989 Memorandum and Order, 725 F.Supp. 162 (S.D.N.Y.1989), aff'd 905 F.2d 610 (2d Cir.1990); January 17, 1990 Order, supra, aff'd 907 F.2d 277 (2d Cir.1990); March 13, 1990 Opinion and Order, 735 F.Supp. 506 (S.D.N.Y.1990) aff'd

905 F.2d 610 (2d Cir.1990); April 9, 1990 Memorandum and Order, 735 F.Supp. 519 (S.D.N.Y.1990).

In the complaint, plaintiffs' two counts are predicated on the assertion that Joint Council 73 and Local 641 are autonomous entities and not bound by the Consent Decree's changes to the IBT constitution. Plaintiffs contend that they were not parties to the underlying suit, so they cannot be bound by the Consent Decree. As a result, plaintiffs argue, the Investigations Officer has no authority to demand any production. Further, plaintiffs argue that ¶ F.12.(C)(i)(a) of the Consent Decree violates the IBT constitution.

Plaintiffs cannot in good faith claim that they are not bound by the disciplinary portions of the Consent Decree. This assertion contravenes specific rulings by this Court that all members and subordinate entities of the IBT are bound by the disciplinary provisions of the Consent Decree. *See* November 2, 1989 Order, *supra,* 725 F.Supp. at 168–69, *aff'd* 905 F.2d 610 (2d Cir.1990); *see also* January 17 Order, *supra,* 728 F.Supp. at 1048–1057, *aff'd* 907 F.2d 277 (2d Cir.1990); April 9, 1990 order, *supra.* The Court of Appeals for the Second Circuit upheld this Court's determination that the disciplinary provisions of the Consent Decree were binding on the entire IBT, including subordinate entities that were non-parties to the underlying suit. *See* 905 F.2d at 622–23.

The IBT defendants in the underlying suit had the power under Article XXVI, § 2, of the IBT constitution to make the Consent Decree's disciplinary changes—including ¶ F.12.(C)(i)(a)—a part of the IBT constitution. *See id.* at 623; *see also* January 17 Order, *supra,* 728 F.Supp. at 1056–57. The Court of Appeals ruled that "the IBT merely exercised its discretionary authority under the [IBT] constitution to delegate the investigation and discipline of union misconduct to the court-appointed officers." 905 F.2d at 623. The legitimacy of the Consent Decree's disciplinary provisions is beyond doubt.

By their own constitutions, both Joint Council 73 and Local 641 must accede to valid provisions of the IBT constitution. *See* Article XXI, By–Laws of Joint Council 73; Article XXIV, Constitution and By–Laws of Local 641. Plaintiffs are obligated to comply with the disciplinary changes of the Consent Decree because the IBT has the power to investigate and discipline all portions of the IBT. Indeed, the IBT's own position is that paragraph F.12.(C)(a)(i) of the Consent Decree requires its subordinate entities to allow the Investigations Officer access to their books and records. The IBT wrote this Court that "Paragraph 12.(C)(i) of the Consent Order authorizes the Investigations Officer to have access to information which may be in the possession of the IBT or its members ..." Response of IBT to Application IX of the Independent Administrator, February 1, 1990, at 1.

Each of plaintiffs' other contentions in opposition to the instant motion raise issues that have also previously been decided by this Court. Plaintiffs argue that under *Martin v. Wilks,* — U.S. —, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), since they were not joined as indispensable parties to the underlying suit, they cannot be bound by the Consent Decree. This argument was twice rejected by this Court, *see* November 2, 1989 Order, *supra,* 725 F.Supp. at 168–69; January 17 Order, *supra,* 728 F.Supp. at 1048–56, and by the Court of Appeals, 905 F.2d at 622–23. As a related argument, plaintiffs contend that this Court's failure to join the subordinate entities as indispensable parties precludes their being bound by the Consent Decree. This argument was similarly rejected in the January 17, 1990 Order. *See* January 17, 1990 Order, *supra,* 728 F.Supp. at 1049–50, *aff'd* 907 F.2d 277 (2d Cir.1990).

Finally, plaintiffs' argument that the December 4, 1989 demand for production was beyond the scope of that authorized by the IBT constitution is meritless. The production demand by the Investigations Officer was within the scope of ¶ F.12.(C)(i)(a) of the Consent Decree, which authorizes the Investigations Officer to examine the "books and records of the IBT and its affiliates."

494

As made clear by this review of previous court rulings and plaintiffs' arguments, plaintiffs are bound by the disciplinary provisions of the Consent Decree, including the power of the Investigations Officer to examine its books and records pursuant to ¶ F.12.(C)(i)(a). As a result, plaintiffs' complaint does not state a cause of action upon which relief may be granted.

See also, 130 F.R.D. 16.

### III. Conclusion

For the reasons discussed above, the Investigations Officer's motion to dismiss the complaint is granted. It is hereby ordered that the complaint be dismissed with prejudice. The stay of discovery is hereby dissolved.

So Ordered.