**UNITED STATES of America, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

**In re APPLICATION XIII BY THE INDEPENDENT ADMINISTRATOR.**

**No. 88 CIV. 4486 (DNE).**

United States District Court, S.D. New York.

Sept. 18, 1990.

See also, 745 F.Supp. 908.

Charles M. Carberry, Investigations Officer, New York City (Robert W. Gaffey, of counsel).

Fischetti & Russo, New York City (Ronald G. Russo, of counsel), for William Cutolo.

Dublirer, Haydon, Straci & Victor, New York City (Ronald A. Straci, of counsel), for Cirino Salerno.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by plaintiff United States of America (the "Government") against defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The remedial provisions in the Consent Decree provided for three Court-appointed officials, the Independent Administrator to oversee the remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through the election and prosecution provisions.

Application XIII seeks this Court's review the August 20, 1990 opinion of the Independent Administrator. The Independent Administrator held that the Investigations Officer had sustained his burden of demonstrating that there was just cause to find that IBT officers Cirino "Charles" Salerno and William Cutolo had breached their duties under the IBT constitution by knowingly associating with organized crime figures.

The opinion of the Independent Administrator is affirmed.

## I. Background

Cirino "Charles" Salerno was the president of Local 272 located in New York, New York. Salerno was charged with two violations of Article II, § 2(a) of the IBT constitution ("Article II, § 2(a)"), the membership oath of the IBT where members swear not to bring reproach upon the Union. The charges filed by the Investigations Officer specifically allege that Salerno brought reproach upon the IBT by (1) knowingly associated with members of organized crime, and (2) being convicted in New York State Supreme Court for violating New York Labor Law § 725 by accepting two $500 payments from an employer of members of Local 272. Salerno appeared at the hearing before the Independent Administrator, but does not contest the decision before this Court. Salerno notified this Court by letter that he had resigned from the IBT effective September 14, 1990.

William Cutolo was the president and business agent of Local 861 in New York, New York. Cutolo was charged with violating Article II, § 2(a), and Article XIX, § 6(b) of the IBT constitution. The charges filed by the Investigations Officer specifically allege that Cutolo was a member of La Cosa Nostra, and knowingly associating with members of La Cosa Nostra. Cutolo did not appear before the Independent Administrator to contest the charges, but challenges the decision before this Court. Cutolo resigned from his IBT position effective February 1, 1990.

Article II, § 2(a) provides in relevant part that every IBT member shall "conduct himself or herself in such a manner as not to bring reproach upon the Union ..." Article XIX, § 6(b) provides the bases for bringing disciplinary charges against IBT members. Article XIX, § 6(b)(1) indicates that violating any specific provision of the IBT constitution is chargeable conduct. Article XIX, § 6(b)(2) states that transgressing the IBT oath of office is chargeable conduct.[1]

## II. The Findings of the Independent Administrator

Salerno does not challenge the substance of the Independent Administrator's decision to this Court. Cutolo challenges jurisdiction over him, and the sufficiency of the proof before the Independent Administrator.

### A. Standard of Review

With respect to the disciplinary and investigatory provisions of the Consent Decree, the IBT General President and GEB delegated their disciplinary authority under the IBT constitution to the Court Officers. *United States v. International Brotherhood of Teamsters*, 905 F.2d 610, 622 (2d Cir.1990), *aff'g* March 13, 1990 Opinion and Order, 743 F.Supp. 155 (S.D.N.Y.1990); November 2, 1989 Memorandum and Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989); January 17, 1990 Memorandum and Order, 728 F.Supp. 1032, 1048–57 (S.D.N.Y.1990), *aff'd*, 907 F.2d 277 (2d Cir.1990); *Local 27 v. Carberry, et al.*, July 20, 1990 at 3–4, 1990 WL 108348 (S.D.N.Y.1990); *Joint Council 73, et al. v. Carberry, et al.*, 741 F.Supp. 491, 492–93 (S.D.N.Y.1990); August 27, 1990 Opinion and Order at 5–6. The Independent Administrator and Investigations Officer are stand-ins for the General President and GEB for the purpose of the instant disciplinary actions. Hearings before the Independent Administrator are conducted pursuant to the same standards applicable to labor arbitration hearings. Consent Decree, ¶ F.12.(A)(ii)(e).

Paragraph F.12.(C) of the Consent Decree mandates that the Independent Administrator must decide disciplinary hearings using a "just cause" standard. Consent Decree at 9. Paragraph K.16 provides that this Court shall review actions of the Independent Administrator using the "same standard of review applicable to review of final federal agency action under the Administrative Procedures Act." Consent Decree at 25. This Court may only

---

1. The full text of the relevant IBT constitutional provisions and the full text of the charges against Senese and Cutolo are set out in the Independent Administrator's opinion. *See* Opinion of the Independent Administrator, August 20, 1990 at 2–4.

overturn the findings of the Independent Administrator when it finds that they are, on the basis of all the evidence, "arbitrary or capricious." This Court and the Court of Appeals have interpreted ¶ K.16 to mean that decisions of the Independent Administrator "are entitled to great deference." 905 F.2d at 616, aff'g March 13, 1990 Opinion and Order, 743 F.Supp. 155, 159–60 (S.D.N.Y.1990).

### B. Salerno

■ Salerno does not contest the Independent Administrator's determination that the Investigations Officer demonstrated just cause to find that the charges had been proved against him. Salerno informed this Court on August 30, 1990 that he had resigned from the IBT on that date, effective September 14, 1990. As a result, Salerno asserts that the findings and penalty imposed by the Independent Administrator are moot.

Salerno's resignation from the IBT in no way renders the decision of the Independent Administrator moot. The Independent Administrator permanently barred Salerno from the IBT. But his voluntary resignation would not prevent Salerno from returning to the IBT at any point in the future. Such a possibility is clearly at odds with the penalty imposed by the Independent Administrator, which would preclude Salerno's return to the IBT. Salerno's mootness argument is simply meritless.

■ Salerno does not challenge that the evidence before the Independent Administrator established just cause that he knowingly associated with organized crime figures. The Independent Administrator exhaustively detailed the evidence against Salerno. See August 20 Opinion of the Independent Administrator at 9–29. The Independent Administrator relied upon the affidavit and testimony of FBI Special Agent R. Lindley DeVecchio, (Ex. IO–1), drawn from exhibits, recorded surveillance, and expert conclusions. This evidence detailed the ties between Salerno and the Genovese La Cosa Nostra Family. Additionally, Salerno does not now challenge that the second charge against him relating to his criminal conviction had been proved.

The evidence relied upon by the Independent Administrator was more than sufficient to support his finding that just cause existed to find that the charges against Salerno had been proved by the Investigations Officer. There is no basis in the record before this Court that this determination of the Independent Administrator was arbitrary or capricious.

### C. Cutolo

Cutolo did not appear at the hearing before the Independent Administrator to contest the charges. In response to this Application, Cutolo challenges the decision of the Independent Administrator in a number of respects. First, he argues that the there was no jurisdiction over him. Second, Cutolo asserts that the evidence before the Independent Administrator was insufficient to sustain the charges against him. Both of these arguments are vacuous.

■ Cutolo's jurisdictional arguments are fatuous. As a preliminary matter, it is utterly beyond dispute that the disciplinary provisions of the Consent Decree are binding on nonsignatory members of the IBT. United States v. International Brotherhood of Teamsters, 905 F.2d 610, 622 (2d Cir.1990), aff'g March 13, 1990 Opinion and Order, 743 F.Supp. 155 (S.D.N.Y.1990); November 2, 1989 Memorandum and Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989); January 17, 1990 Memorandum and Order, 728 F.Supp. 1032, 1048–57 (S.D.N.Y.1990), aff'd, 907 F.2d 277 (2d Cir.1990); Local 27 v. Carberry, et al., July 20, 1990 at 3–4, 1990 WL 108348 (S.D.N.Y.1990); Joint Council 73, et al. v. Carberry, et al., 741 F.Supp. 491, 492–93 (S.D.N.Y.1990); August 27, 1990 Opinion and Order. As the disciplinary stand-ins for the General President and GEB, the Court Officers have jurisdiction to hear charges and impose penalties against former IBT members relating to their IBT duties.

Cutolo essentially argues that because he had resigned from the IBT on February 1, 1990, the Independent Administrator had no jurisdiction to hear charges over him.

Cutolo's noting the judgment in the separate action of *United States of America v. Local 6A, et al.,* 86 Civ. 4819 (VLB) is utterly irrelevant to the instant matter. His stipulation that he would have invoked the Fifth Amendment if called to testify in the underlying RICO case similarly bears no relevance to the hearing before the Independent Administrator. As the disciplinary stand in for the General President, the Independent Administrator had jurisdiction to hear charges against a former IBT officer relating to his IBT activities.

■ As to his challenges to the sufficiency of the evidence before the Independent Administrator, Cutolo failed to appear at the hearing and waived any right to challenge that evidence on appeal. Cutolo has offered no reason for his failure to appear before the Independent Administrator. Despite Cutolo's absence, the uncontroverted evidence offered by the Investigations Officer was carefully scrutinized by the Independent Administrator. The Independent Administrator even refused to admit some of the Investigations Officer's exhibits. The Independent Administrator's determination that the uncontroverted evidence against Cutolo established just cause that the charges had been proved was not arbitrary or capricious.

### III. Conclusion

The Independent Administrator's decisions of August 20, 1990 with respect to the sufficiency of the charges against Senese and Cutolo are hereby affirmed. The decisions of the Independent Administrator that Salerno and Cutolo should be given lifetime suspensions from the IBT are hereby affirmed. The Independent Administrator's determinations that the penalties against Senese and Cutolo should include the termination of health and welfare benefits is reserved pending the specific resolution of that issue.

So Ordered.