**UNITED STATES of America, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

**In re APPLICATION XXXVII OF the INDEPENDENT ADMINISTRATOR.**

No. 88 CIV. 4486 (DNE).

United States District Court,
S.D. New York.

Oct. 9, 1991.

Charles M. Carberry, Investigations Officer of Intern. Broth. of Teamsters.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for U.S.

Reinhardt & Schachter, P.C. (Paul Schachter, of counsel), New York City, for James E. McNeil and Michael J. Morris.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by the plaintiffs United States of America (the "Government") against the defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The Consent Decree provided for three Court-appointed officials, the Independent Administrator to oversee the remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through the election and prosecution provisions.

Application XXXVII presents for this Court's review the opinion of the Independent Administrator finding that the Investigations Officer proved two charges filed against IBT members Michael J. Morris, the Secretary Treasurer of IBT Local Union 707 located in Woodside New York, and James E. McNeil, the President of Local 707.

## I.  BACKGROUND

In the first charge, the Investigations Officer alleges that Morris and McNeil violated Article XIX, Section 6(b)(1), (2), (3) and Article II, Section 2(a) of the IBT Constitution by "fraudulently appropriating and converting to [their] use and to the use of others, Local 707 monies, assets and property." The Investigation Officer alleges Morris and McNeil intentionally engaged in a scheme to defraud IBT Local 707 of its money and property by granting unauthorized raises to themselves and other members of the Local 707 Executive Board based upon a pattern of false and misleading statements they made to the membership of Local 707 and the IBT. In the second charge, the Investigations Officer alleges that Morris and McNeil have violated Article XIX, Section 6(b)(1), (2) and (3) and Article II, Section 2(a) of the IBT Constitution by "fraudulently appropriating and converting to the use of others, Local 707 monies, assets and property, valued at over $60,000." The Investigation Officer alleges that on "three separate occasions, [Respondents] violated [their] duties under the IBT Constitution and the Local 707 bylaws and ignored and disregarded the fiduciary duties owed to the membership of Local 707, by causing and agreeing with others to have Local 707 give money and automobiles to departing union officials."

Article XIX, Section 6(b) provides that IBT members may be disciplined for: (1) violation of any specific provision of the IBT Constitution, Local Union Bylaws or rules of order, or failure to perform duties specified thereunder; (2) violation of oath of office or of the oath of loyalty to the Local Union and the International Union; (3) embezzlement or conversion of union funds or property. Article II, § 2(a) of the IBT Constitution is the IBT membership oath and provides in relevant part that every IBT member shall "conduct himself or herself in a manner so as not to bring reproach upon the Union."

The Independent Administrator found that Investigations Officer had sustained

his burden and demonstrated "just cause"[1] that the two charges had been proved. As a penalty for Charge One, the Independent Administrator found that Morris and McNeil should be suspended for a period of five years, stating that "Officers of IBT Locals must understand that their Local Union coffers are not their personal piggy banks that can be cracked open whenever it serves their personal benefit." (Ind.Admin.Dec. at 26). The Independent Administrator imposed a concurrent five year penalty on Morris and McNeil for the second charge. (*Id.* at 27). Further, the Independent Administrator directed that no further contributions from the IBT or any IBT-affiliated entity be made on either Morris or McNeil's behalf to either Local 707, Joint Council 16, or the Teamsters Affiliated Pension Fund, or to any Health and Welfare plans. In addition, the Independent Administrator directed that certifications be provided as to vacation pay and Joint Council Attendance fees. Finally, the Independent Administrator determined that Morris and McNeil are not to have any portion of their legal fees paid by the Local, and that Morris and McNeil are prohibited from receiving "retirement gifts," such as automobiles.

Morris and McNeil appeal to this Court the opinion of the Independent Administrator. This Court finds that the opinion of the Independent Administrator is fully supported by the evidence, and that Morris and McNeil's arguments are completely without merit. Accordingly, the opinion of the Independent Administrator is affirmed in all respects.

## II. DISCUSSION

■ It is well settled that the findings of the Independent Administrator "are entitled to great deference." *United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 616 (2d Cir.1990), *aff'g* March 13, 1990 Opinion & Order, 743 F.Supp. 155 (S.D.N.Y.1990). This Court will overturn findings when it determines that they are, on the basis of all the evidence, "arbitrary

or capricious." *United States v. Int'l Brotherhood of Teamsters, supra,* 905 F.2d at 622; August 14, 1991 Memorandum & Order, *slip opinion,* at 4, 1991 WL 161084 (S.D.N.Y.1991); July 31, 1991 Memorandum & Order, *slip opinion* at 3–4, 1991 WL 150226 (S.D.N.Y.1991); July 18, 1991 Memorandum & Order, *slip opinion* at 3–4, 1991 WL 136030 (S.D.N.Y.1991); July 16, 1991 Opinion & Order, *slip opinion,* at 3–4, 1991 WL 136029 (S.D.N.Y.1991); June 6, 1991 Opinion & Order, 775 F.Supp. 90, 93 (S.D.N.Y.1991); May 13, 1991 Memorandum & Order, 764 F.Supp. 817, 820–21 (S.D.N.Y.1991); May 9, 1991 Memorandum & Order, 764 F.Supp. 797, 800 (S.D.N.Y.1991); May 6, 1991 Opinion & Order, 764 F.Supp. 787, 789 (S.D.N.Y.1991); December 27, 1990 Opinion & Order, 754 F.Supp. 333, 337 (S.D.N.Y.1990); September 18, 1990 Opinion & Order, 745 F.Supp. 189, 191–92 (S.D.N.Y.1990); August 27, 1990 Opinion & Order, 745 F.Supp. 908, 911 (S.D.N.Y.1990); March 13, 1990 Opinion & Order, *supra,* 743 F.Supp. at 159–60, *aff'd,* 905 F.2d at 622; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045–57, *aff'd,* 907 F.2d 277 (2d Cir.1990); November 2, 1989 Memorandum & Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989).

■ Morris and McNeil, members and officers of the IBT, first contend that they are not bound by the disciplinary provisions of the Consent Decree. This argument has been made time and time again, and rejected time and time again. The decisions of the Court of Appeals and this Court have conclusively established that all members of the IBT are bound by the disciplinary provisions of the Consent Decree. May 6, 1991 Opinion & Order, *slip opinion,* at 6 (S.D.N.Y.1991), *affirmed without opinion,* No. 91–6130 [940 F.2d 648 (table)] (2d Cir. June 6, 1991); *United States v. IBT,* 931 F.2d 177, 181 (2d Cir.1991); *United States v. IBT,* 905 F.2d 610, 622 (2d Cir.1990), *aff'g,* March 13, 1990 Opinion & Order, 743 F.Supp. at 159–60 and November 2, 1989 Memorandum & Order, 725 F.2d at 169;

---

**1.** Paragraph F.12(C) of the Consent Decree mandates that the Independent Administrator must decide disciplinary hearings using a "just cause" standard.

December 27, 1990 Opinion & Order, 754 F.Supp. at 337; September 18, 1990 Opinion & Order, 745 F.Supp. at 191–92; August 27, 1990 Opinion & Order, 745 F.Supp. at 911; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045–57, *aff'd,* 907 F.2d 277 (2d Cir.1990); *Joint Council 73, et al. v. IBT, et al.,* 741 F.Supp. 491, 493 (S.D.N.Y.1990). Morris and McNeil's argument is therefore wholly without merit.

■ Based on the faulty premise that they are not bound by the Consent Decree, Morris and McNeil argue that the charges in this case are untimely under Article XIX, § 6(a) of the IBT Constitution. Paragraph D.5 of the Consent Decree [2] explicitly removed any statute of limitations for any actions taken by the Investigations Officer and the Independent Administrator. Both this Court and the Court of Appeals have specifically held that the Consent Decree does not impose *any* statute of limitations in disciplinary proceedings. June 6, 1991 Opinion & Order, 775 F.Supp. at 96 (S.D.N.Y.1991); November 2, 1989, Memorandum & Order, 725 F.Supp. 162, 166–67 (S.D.N.Y.1989), *aff'd,* 905 F.2d 610, 620 (2d Cir.1990). Accordingly, Morris and McNeil's argument is completely frivolous.

■ Morris and McNeil next make a number of objections under the United States Constitution. These arguments are premised on Morris and McNeil's contention that the actions of the Independent Administrator in disciplinary proceedings, such as this case, constitute "state action." The Court of Appeals and this Court have conclusively established that the Independent Administrator's conduct in disciplinary proceedings does not constitute state action. *United States v. IBT,* 941 F.2d 1292, 1295–96 (2d Cir.1991); June 6, 1991 Opinion & Order, 775 F.Supp. at 95–96. Because the Independent Administrator's decision to discipline Morris and McNeil was not state action, their constitutional claims must fail.

■ As the Independent Administrator's review of the evidence demonstrates, Morris and McNeil deceived the Local 707 members to defraud the union. Morris and McNeil used a variety of devices, including back-dated petitions to amend the Local by-laws and falsified minutes. Further, they concealed from Local 707 members the IBT General President's express disapproval of purported by-law amendments upon which Morris and McNeil's raises were based. (Ind.Admin.Dec. at 6–13). As the Administrator found, the back-dated petition and the false minutes "can be characterized as nothing less than direct evidence of a fraudulent intent to deprive Local 707 of its funds." (*Id.* at 14). Moreover, the evidence demonstrated Morris and McNeil withheld from Local 707 members knowledge that officers to whom they gave away Local-owned cars had connections to organized crime. (*Id.* at 17–21). Morris and McNeil's complete and deliberate failure to act with respect to the substantial indicia of their fellow officers' organized crime ties fully supported the Independent Administrator's finding that respondents fraudulently gave away Local 707 owned cars to those officers. (*Id.* at 23).

In sum, there was ample evidence to support the charges against Morris and McNeil. The Independent Administrator's decision is neither arbitrary nor capricious. Accordingly, the decision of the Independent Administrator is affirmed in all respects.

### III. CONCLUSION

IT IS HEREBY ORDERED that Morris and McNeil's objections to the Independent Administrator's opinion is denied.

---

2. Paragraph D.5 provides in relevant part:

Section 6(a) of Article XIX ... shall be and is hereby amended to provide for a five (5) year period, running from the discovery of the conduct giving rise to the crime charged. This limitation period shall not apply to any actions taken by the Investigations Officer or the Independent Administrator.

Paragraph d.5 amended § 6(a) of the IBT Constitution. The relevant portion of § 6(a) provides:

Any charge based upon alleged misconduct which occurred more than one (1) year prior to the filing of such charge is barred and shall be rejected by the Secretary–Treasurer, except charges based upon the non-payment of dues, assessment and other financial obligations.

IT IS FURTHER ORDERED that the opinion of the Independent Administrator is affirmed in all respects.

IT IS HEREBY ORDERED that the stay of penalties imposed on Morris and McNeil by the Independent Administrator is dissolved, effective immediately.

SO ORDERED.