UNITED STATES of America, Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

In re APPLICATION L OF the INDEPENDENT ADMINISTRATOR.

No. 88 CIV. 4486 (DNE).

United States District Court, S.D. New York.

Oct. 11, 1991.

See also 777 F.Supp. 1123.

Charles M. Carberry, Investigations Officer of Intern. Broth. of Teamsters.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for U.S.

Jubelirer, Pass & Intrieri, P.C., Pittsburgh, Pa. (Joseph J. Pass, of counsel), and Anderson, Kill, Olick & Oshinsky, P.C., New York City (Jordan Stanzler, of counsel), for Theodore R. Cozza.

MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by the plaintiffs United States of America (the "Government") against the defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The Consent Decree provided for three Court-appointed officials, the Independent Administrator to oversee the remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through the

election and prosecution provisions. Application L presents for this Court's review the Supplemental Opinion of the Independent Administrator denying Theodore R. Cozza's motion to alter the Independent Administrator's January 4, 1991 Opinion in the matter of *Investigations Officer v. Cozza.*

## I. BACKGROUND

By Memorandum and Order dated May 9, 1991, this Court affirmed the Independent Administrator's January 4, 1991 Opinion, in which the Independent Administrator found that Cozza acted in a manner so as to bring reproach upon the IBT by knowingly associating with five members of La Cosa Nostra. May 9, 1991 Memorandum & Order, 764 F.Supp. 797 (S.D.N.Y.1991).[1] As a penalty, Cozza was permanently barred from the IBT. *Id.* at 799.

By notice dated May 16, 1991, Cozza moved this Court to alter its May 9, 1991 Memorandum and Order. At the time the motion was filed, this Court directed Cozza to first seek relief from the Independent Administrator. Cozza then moved the Independent Administrator to alter his January 4, 1991 Opinion, and to allow the proceeding to be reopened due to newly discovered evidence. In a Supplemental Opinion, the Independent Administrator denied Cozza's motion, finding that the newly discovered evidence would have had no impact on his January 4, 1991 Opinion.

Cozza appeals to this Court the Supplemental Opinion of the Independent Administrator. This Court finds that the Supplemental Opinion of the Independent Administrator is fully supported by the evidence and that Cozza's arguments to the contrary are without merit. Accordingly, the Supplemental Opinion of the Independent Administrator is affirmed in all respects.

## II. DISCUSSION

 It is well settled that the findings of the Independent Administrator "are entitled to great deference." *United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 616 (2d Cir.1990), *aff'g* March 13, 1990 Opinion & Order, 743 F.Supp. 155 (S.D.N.Y.1990). This Court will overturn findings when it determines that they are, on the basis of all the evidence, "arbitrary or capricious." *United States v. Int'l Brotherhood of Teamsters, supra*, 905 F.2d at 622; October 9, 1991 Memorandum & Order, 777 F.Supp. 1123, 1125 (S.D.N.Y.1991); August 14, 1991 Memorandum & Order, *slip opinion*, at 4, 1991 WL 161084 (S.D.N.Y.1991); July 31, 1991 Memorandum & Order, *slip opinion* at 3–4, 1991 WL 150226 (S.D.N.Y.1991); July 18, 1991 Memorandum & Order, *slip opinion* at 3–4, 1991 WL 136030 (S.D.N.Y.1991); July 16, 1991 Opinion & Order, *slip opinion*, at 3–4, 1991 WL 136029 (S.D.N.Y.1991); June 6, 1991 Opinion & Order, 775 F.Supp. 90, 93 (S.D.N.Y.1991); May 13, 1991 Memorandum & Order, 764 F.Supp. 817, 820–21 (S.D.N.Y.1991); May 9, 1991 Memorandum & Order, 764 F.Supp. 797, 800 (S.D.N.Y.1991); May 6, 1991 Opinion & Order, 764 F.Supp. 787, 789 (S.D.N.Y.1991); December 27, 1990 Opinion & Order, 754 F.Supp. 333, 337 (S.D.N.Y.1990); September 18, 1990 Opinion & Order, 745 F.Supp. 189, 191–92 (S.D.N.Y.1990); August 27, 1990 Opinion & Order, 745 F.Supp. 908, 911 (S.D.N.Y.1990); March 13, 1990 Opinion & Order, *supra*, 743 F.Supp. at 159–60, *aff'd*, 905 F.2d at 622; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045–57, *aff'd*, 907 F.2d 277 (2d Cir.1990); November 2, 1989 Memorandum & Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989).

 In making his motion and in this appeal, Cozza relies on Rules 60(b)(2) and 59(e) of the Federal Rules of Civil Proce-

---

**1.** Article II, § 2(a) of the IBT Constitution is the IBT membership oath and provides in part that every IBT member shall "conduct himself or herself in a manner so as not to bring reproach upon the Union." Pursuant to Article XIX, § 6(b)(2) of the IBT Constitution, an IBT member can be disciplined for violating this oath.

The IBT may discipline members under these provisions for knowingly associating with organized crime figures because it has a compelling institutional interest in ridding itself of corruption. May 9, 1991 Memorandum & Order, 764 F.Supp. at 801; August 27, 1990 Opinion & Order, 745 F.Supp. 908, 913 (S.D.N.Y.1990).

dure. Rule 60(b)(2) provides that a party may be relieved from a final judgment upon the discovery of new evidence "which by due diligence could not have been discovered in time to move for a new trial." Rule 59(e) provides a ten day time limitation for filing such a motion. As the Independent Administrator correctly points out, the Federal Rules of Civil Procedure do not govern disciplinary hearings conducted pursuant to the Consent Decree. (Ind.Admin.Supp.Op. at 3). The Independent Administrator did, however, use the Rules for guidance in asking whether his January 4, 1991 Opinion "should be disturbed" by the discovery of the new evidence. *Id.* (citing *United States v. All Right, Title & Interest In Property*, 753 F.Supp. 121, 126 (S.D.N.Y.1990) (the issue is whether the newly discovered evidence would "produce a different result")).

At Cozza's disciplinary hearing, the Investigations Officer submitted an Affidavit of Special Agent Charles J. Duffy of the Federal Bureau of Investigations ("FBI") in lieu of direct testimony. Special Agent Duffy, however, did testify on cross-examination. Based on Duffy's extensive background and experience, the Independent Administrator accepted him as an expert knowledgeable in the investigation into organized crime in the Pittsburgh and Western Pennsylvania areas. The Duffy affidavit demonstrated the organized crime connections of Cozza's associates and served as the primary source of information regarding the nature of Cozza's affiliation with his associates. Special Agent Duffy's testimony was corroborated by: (1) government surveillance; (2) official reports of the Pennsylvania Crime Commission and New York State Commissioner of Investigation; (3) court records of criminal convictions; (4) wire intercepts; (5) press reports; (6) surveillance records and videotape recordings of Cozza in the company of members of La Cosa Nostra; and (7) the testimony of Cozza, Cozza's son, and members of IBT Local 211. Based on this evidence the Independent Administrator found in his January 4, 1991 Opinion that the Investigations Officer had proven the charge that Cozza knowingly associated with five members of La Cosa Nostra.

Cozza's newly discovered evidence consists of five documents prepared by employees of the FBI during 1985 and 1986. These documents were obtained by Cozza through a Freedom of Information Act request. The relevant portions of the documents state that: (1) the "Pittsburgh Division [of the FBI] has been unable to substantiate allegations that THEODORE COZZA has violated any Federal laws, in particular Federal Labor laws;" (2) Cozza "does not meet the necessary criteria [for the FBI] . . . to qualify him as a member of [La Cosa Nostra];" and (3) an FBI investigation "failed to develop any evidence of wrongdoing on the part of Cozza which could be utilized in a criminal prosecution." (Cozza Ex. 2). Cozza argues that had these documents been disclosed by Special Agent Duffy before the hearing, his testimony would have been undermined.

In the Independent Administrators' Supplemental Opinion, he denies Cozza's motion to alter the judgment, holding that the newly discovered evidence would have had no impact on his January 4, 1991 Opinion. The Independent Administrator found that "the FBI documents leave Duffy's credibility as a witness untarnished." (Ind.Admin.Supp.Op. at 6). As the Independent Administrator noted, the FBI documents do not address the charge sustained in his January 4, 1991 Opinion, that Cozza knowingly associated with members of La Cosa Nostra. Rather, the documents indicate that, in 1985 and 1986, employees of the FBI felt that they did not have sufficient evidence to assert that Cozza was a member of La Cosa Nostra, or that he had committed any federal crime. Cozza was not charged with being a member of La Cosa Nostra or with committing any federal crimes, and Special Agent Duffy never testified that Cozza was a member of La Cosa Nostra or committed any federal crimes. Thus, as the Independent Administrator concluded, nothing in these documents impede Special Agent Duffy's credibility. Further, the Independent Administrator's finding that Cozza knowingly associated with members of La Cosa Nostra

**1130**

was based upon a number of evidentiary sources, including electronic intercepts, videotapes, public and other published reports, statements of IBT members, and admissions of Cozza and his son.

The Independent Administrator's Supplemental Opinion in which he declines to disturb the findings in his January 4, 1991 Opinion, is well grounded in the evidence, and is neither arbitrary nor capricious. Accordingly, the Supplemental Opinion of the Independent Administrator is affirmed in all respects.

### III. CONCLUSION

IT IS HEREBY ORDERED that Cozza's objections to the Independent Administrator's Supplemental Opinion are denied.

IT IS FURTHER ORDERED that the Supplemental Opinion of the Independent Administrator is affirmed in all respects.

SO ORDERED.