**UNITED STATES of America, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

**In re APPLICATION XXXVIII OF the INDEPENDENT ADMINISTRATOR.**

**No. 88 CIV. 4486 (DNE).**

United States District Court,
S.D. New York.

Oct. 16, 1991.

Charles M. Carberry, Investigations Officer of Intern. Broth. of Teamsters.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), New York City, for U.S.

Roy Barnes, P.C., Wendell Shepherd, New York City (Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., John R. Climaco, Paul S. Lefkowitz, Cleveland, Ohio, of counsel), for Joseph Cimino.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by the plaintiffs United States of America (the "Government") against the defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The Consent Decree provided for three Court-appointed officials, the Independent Administrator to oversee the remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through the election and prosecution provisions.

Application XXXVIII presents for this Court's review the opinion of the Independent Administrator finding that the Investigations Officer proved one charge filed against IBT member Joseph Cimino, the President and Business Agent of IBT Local Union 107, located in Philadelphia, Pennsylvania.

## I. BACKGROUND

The Investigations Officer alleges that Cimino violated Article II, § 2(a) and Article XIX, section 6(b) of the IBT Constitution by knowingly associating with Nicodemo Scarfo, a member of La Cosa Nostra. Section 2(a) is the IBT membership oath, which provides in relevant part that every IBT member shall "conduct himself or herself in a manner so as not to bring reproach upon the Union." Section 6(b) is a non-exhaustive list of the "bases of charges against members, officers, elected Business Agents, Local Unions, Joint Councils or other subordinate entities for which he or it shall stand trial...." Violating the IBT oath is one such charge.

The Independent Administrator found that the Investigations Officer had sustained his burden of proving that Cimino "knowingly associated" with Scarfo and demonstrated "just cause"[1] that the charge had been proved. As a penalty for the Charge, the Independent Administrator found that Cimino should be permanently banished from the IBT, stating that "Cimino discussed union business with members of Organized Crime, hired employees at the behest of Scarfo, made political contributions to a candidate preferred by the Philadelphia Family and was generally counted upon by Scarfo ... to perform favors. Such conduct flies in the face of the Consent Order's goals." Ind.Admin.Dec. at 12. Furthermore, the Independent Administrator directed that no further contributions from the IBT or any IBT-affiliated entity be made on Cimino's behalf to any employee Health, Pension and Welfare plans. The

---

**1.** Paragraph F.12(C) of the Consent Decree mandates that the Independent Administrator must decide disciplinary hearings using a "just cause" standard.

Independent Administrator, however, permitted Cimino to collect any contributions to or benefits from these funds through the pay period that ended July 31, 1991. In addition, the Independent Administrator directed that no IBT-affiliated entity make any contributions to Cimino's legal expenses in connection with the matter. Finally, the Independent Administrator stripped Cimino of his status of a delegate to the IBT Convention, held in June 1991, and prohibited him from attending the Convention in any capacity.

Cimino appeals to this Court the opinion of the Independent Administrator. This Court finds that the opinion of the Independent Administrator is fully supported by the evidence, and that Cimino's arguments are completely without merit. Accordingly, the opinion of the Independent Administrator is affirmed in all respects.

## II. DISCUSSION

 It is well settled that the findings of the Independent Administrator "are entitled to great deference." *United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 616 (2d Cir.1990), *aff'g* March 13, 1990 Opinion & Order, 743 F.Supp. 155 (S.D.N.Y.1990). This Court will overturn findings when it determines that they are, on the basis of all the evidence, "arbitrary or capricious." *United States v. Int'l Brotherhood of Teamsters, supra,* 905 F.2d at 622; October 11, 1991 Memorandum & Order, 777 F.Supp. 1127, 1128 (S.D.N.Y.1991); October 9, 1991 Memorandum & Order, 777 F.Supp. 1123, 1125 (S.D.N.Y.1991); August 14, 1991 Memorandum & Order, *slip opinion*, at 4, 1991 WL 161084 (S.D.N.Y.1991); July 31, 1991 Memorandum & Order, *slip opinion* at 3-4, 1991 WL 150226 (S.D.N.Y.1991); July 18, 1991 Memorandum & Order, *slip opinion* at 3-4 (S.D.N.Y.1991); July 16, 1991 Opinion & Order, *slip opinion*, at 3-4, 1991 WL 136029 (S.D.N.Y.1991); June 6, 1991 Opinion & Order, 775 F.Supp. 90, 93 (S.D.N.Y.1991); May 13, 1991 Memorandum & Order, 764 F.Supp. 817, 820-21 (S.D.N.Y.1991); May 9, 1991 Memorandum & Order, 764 F.Supp. 797, 800 (S.D.N.Y.1991); May 6, 1991 Opinion & Order, 764 F.Supp. 787, 789 (S.D.N.Y.1991); December 27, 1990 Opinion & Order, 754 F.Supp. 333, 337 (S.D.N.Y.1990); September 18, 1990 Opinion & Order, 745 F.Supp. 189, 191-92 (S.D.N.Y.1990); August 27, 1990 Opinion & Order, 745 F.Supp. 908, 911 (S.D.N.Y.1990); March 13, 1990 Opinion & Order, *supra*, 743 F.Supp. at 159-60, *aff'd*, 905 F.2d at 622; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045-57, *aff'd*, 907 F.2d 277 (2d Cir.1990); November 2, 1989 Memorandum & Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989).

Cimino, a member and officer of the IBT, contends that he is not bound by the disciplinary provisions of the Consent Decree because: (1) the Consent Decree unlawfully amended the IBT constitution; (2) Local 107 is not a signatory to the decree; and (3) the consent order is not binding on affiliates. The decisions of the Court of Appeals and this Court have conclusively established that the Consent Decree validly amended the IBT constitution and that all members of the IBT are bound by the Consent Decree's disciplinary provisions. May 6, 1991 Opinion & Order, 764 F.Supp. at 790 (S.D.N.Y.1991), *affirmed without opinion*, 940 F.2d 648 (2d Cir.1991); *United States v. IBT*, 931 F.2d 177, 184 (2d Cir.1991); *United States v. IBT*, 905 F.2d 610, 622 (2d Cir.1990), *aff'g*, March 13, 1990 Opinion & Order, 743 F.Supp. at 159-60 and November 2, 1989 Memorandum & Order, 725 F.Supp. at 169; December 27, 1990 Opinion & Order, 754 F.Supp. at 337; September 18, 1990 Opinion & Order, 745 F.Supp. at 191-92 (S.D.N.Y.1990); August 27, 1990 Opinion & Order, 745 F.Supp. at 911; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045-57, *aff'd*, 907 F.2d 277 (2d Cir.1990); *Joint Council 73, et al. v. IBT, et al.*, 741 F.Supp. 491, 493 (S.D.N.Y.1990).

 Cimino next argues that the Independent Administrator's decision and the Investigation Officer's case rested primarily upon hearsay evidence; Cimino alleges that it is not proper to consider hearsay evidence in disciplinary proceedings. The Independent Administrator's decision does consider hearsay statements made by FBI agent Maher and three members of La

Cosa Nostra, Leonetti, Merlino and Caramandi. Ind. Admin. Dec. at 5. Nevertheless, it is beyond reasonable dispute that hearsay evidence, if reliable, is admissible in IBT disciplinary proceedings. *See United States v. IBT,* 745 F.Supp. 908, 914–15 (S.D.N.Y.1990), *aff'd,* 941 F.2d 1292, 1297 (2d Cir.1991). The Independent Administrator carefully considered the hearsay statements in the instant case and found them reliable because they corroborated one another. An examination of the hearsay statements supports this finding. Accordingly, this Court rejects Cimino's argument.

■ Cimino also contends that the Investigation Officer's charge was not sufficiently specific. Cimino asserts that because the charge indicated that he "knowingly associated" with Scarfo, the Investigations Officer should be precluded from introducing evidence suggesting or inferring an association with other organized crime figures. This argument has been considered and rejected in several of this Court's decisions. *See* May 9, 1991 Memorandum & Order, 764 F.Supp. 797, 800 (S.D.N.Y.1991); August 27, 1990 Memorandum & Order, 745 F.Supp. 908 (S.D.N.Y.1990); September 18, 1990 Memorandum & Order, 745 F.Supp. 189 (S.D.N.Y.1990). The charge against Cimino is virtually identical to the charges upheld in these decisions. In the instant case, the charge lists the individual with whom Cimino supposedly associated and the association's time frame. Ind. Admin. Dec. at 1. The charge against Cimino "was a plain, concise statement of the facts constituting the offense charged." May 9, 1991 Memorandum & Order, 764 F.Supp. at 800. The charge is sufficiently specific. Cimino's argument is rejected.

■ Finally, Cimino contends that the testimony he gave in his own behalf at the disciplinary hearing denying any involvement with Organized Crime should be given such deference that a reasonable inference may be drawn that the Investigations Officer failed to prove the charge against him. By making such an argument, Cimino asks this Court to substitute its assessment of Cimino's credibility for that of the Independent Administrator, who was present during Cimino's testimony and thus in the best position to judge credibility. The Independent Administrator did not find Cimino a credible witness. *See* Ind. Admin. Dec. at 11. Instead, the Independent Administrator credited the signed statement of FBI agent Maher, which is corroborated by three of Scarfo's closest associates. Cimino's argument is baseless.

The Independent Administrator's decision was supported by ample evidence and was neither arbitrary nor capricious. Cimino's arguments are wholly without merit. Accordingly, the decision of the Independent Administrator is affirmed in all respects.

### III. CONCLUSION

IT IS HEREBY ORDERED that Cimino's objections to the Independent Administrator's opinion are denied.

IT IS FURTHER ORDERED that the opinion of the Independent Administrator is affirmed in all respects.

IT IS HEREBY ORDERED that the stay of penalties imposed on Cimino by the Independent Administrator is dissolved, effective immediately.

SO ORDERED.