UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.

In re APPLICATION XLV OF the INDEPENDENT ADMINISTRATOR.

No. 88 CIV. 4486 (DNE).

United States District Court,
S.D. New York.

Oct. 24, 1991.

Charles M. Carberry, Investigations Officers of Intern. Broth. of Teamsters.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for U.S.

Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Cleveland, Ohio, (John R. Climaco, Paul S. Lefkowitz, of counsel), Wendell Shepherd & Roy Barnes, P.C., New York City, for Carmen E. Parise.

OPINION AND ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by

the plaintiffs United States of America (the "Government") against the defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The Consent Decree provided for three Court-appointed officials, the Independent Administrator to oversee the remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through the election and prosecution provisions.

Application XLV presents for this Court's review the opinion of the Independent Administrator finding that the Investigations Officer proved two charges filed against IBT member Carmen E. Parise, who is the Secretary–Treasurer of IBT Local Union 473 in Cleveland, Ohio and President of Joint Council 41, also in Cleveland.

## I. BACKGROUND

Both charges filed by the Investigation Officer allege that Parise violated Article II, Section 2(a) and Article XIX, Section 6(b) of the IBT Constitution by conducting himself in a manner to bring reproach upon the Union. Article II, § 2(a) of the IBT Constitution is the IBT membership oath and provides in relevant part that every IBT member shall "conduct himself or herself in a manner so as not to bring reproach upon the Union." Article XIX, Section 6(b) of the IBT Constitution provides that IBT members may be disciplined for violating this oath. The first charge alleges that Parise, the Secretary Treasurer of Local 473, went to the place of employment of Jerry Jones, a Local 473 member, where he violently threatened Jones with physical harm and economic ruin. The second charge alleges that Parise refused to answer questions under oath regarding possi-

ble corrupt and dishonest activities in Local 473.

Prior to Parise's disciplinary hearing, the Investigations Officer and Parise submitted to the Independent Administrator for approval an agreement to resolve the charges, calling for a three month suspension. The agreement was submitted as Application XVIII for this Court's approval. This Court rejected the agreement in light of the severity of the charges.

After a disciplinary hearing on the charges, the Independent Administrator found that Investigations Officer had sustained his burden and demonstrated "just cause"[1] that the two charges had been proved. As a penalty for Charge One, the Independent Administrator imposed a suspension of twenty-four months on Parise from the IBT and its affiliates. However, the Independent Administrator credited Parise with the three month suspension already served in compliance with his agreement with the Elections Officer. As a result, the Independent Administrator ordered that Parise remove himself from the IBT and all of his IBT-affiliated union positions, including membership in the IBT, for a period of twenty-one months. (Ind.Admin. Dec. at 15). The Independent Administrator imposed a concurrent twenty-four month suspension on Parise for the second charge, also crediting Parise with three months served with respect to this charge. Thus, the Independent Administrator suspended Parise for an additional period of twenty-one months to run concurrently with the suspension imposed on Charge One. (*Id.* at 16). In addition, the Independent Administrator directed that Parise ensure that no retaliatory action be taken against Local 473 members Jerry Jones and/or Ron Milano, and that Parise disqualify himself from Union proceedings involving them.

Further, the Independent Administrator directed that Local 473, Joint Council 41 and any other IBT-affiliated entity not contribute to the following funds and benefit programs during his twenty-one month sus-

---

**1.** Paragraph F.12(C) of the Consent Decree mandates that the Independent Administrator must decide disciplinary hearings using a "just cause" standard.

pension: (1) the Local 473 Health and Welfare Fund; (2) the Local 473 Pension Fund; (3) the Joint Council 41 Severance Plan; and (4) the use of a Union-owned automobile. The Independent Administrator also directed that Local 473 be reimbursed by Parise for the funds expended by the Local in his defense of these charges.

Parise appeals to this Court the decision of the Independent Administrator. This Court finds that the decision of the Independent Administrator is fully supported by the evidence, and that Parise's arguments are completely without merit. Accordingly, the decision of the Independent Administrator is affirmed in all respects.

## II.  DISCUSSION

█ It is well settled that the findings of the Independent Administrator "are entitled to great deference." *United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 616 (2d Cir.1990), *aff'g* March 13, 1990 Opinion & Order, 743 F.Supp. 155 (S.D.N.Y.1990). This Court will overturn findings when it determines that they are, on the basis of all the evidence, "arbitrary or capricious." *United States v. Int'l Brotherhood of Teamsters, supra*, 905 F.2d at 622; October 16, 1991 Memorandum & Order, 777 F.Supp. 1130, 1132 (S.D.N.Y.1991); October 11, 1991 Memorandum & Order, 777 F.Supp. 1127, 1128–—— (S.D.N.Y.1991); October 9, 1991 Memorandum & Order, 777 F.Supp. 1123, 1125 (S.D.N.Y.1991); August 14, 1991 Memorandum & Order, *slip opinion*, at 4, 1991 WL 191084 (S.D.N.Y.1991); July 31, 1991 Memorandum & Order, *slip opinion* at 3–4, 1991 WL 150226 (S.D.N.Y.1991); July 18, 1991 Memorandum & Order, *slip opinion*, at 3–4, 1991 WL 136030 (S.D.N.Y.1991); July 16, 1991 Opinion & Order, *slip opinion*, at 3–4, 1991 WL 136029 (S.D.N.Y.1991); June 6, 1991 Opinion & Order, 775 F.Supp. 90, 93 (S.D.N.Y.1991); May 13, 1991 Memorandum & Order, 764 F.Supp. 817, 820–21 (S.D.N.Y.1991); May 9, 1991 Memorandum & Order, 764 F.Supp. 797, 800 (S.D.N.Y.1991); May 6, 1991 Opinion & Order, 764 F.Supp. 787, 789 (S.D.N.Y.1991); December 27, 1990 Opinion & Order, 754 F.Supp. 333, 337 (S.D.N.Y.1990); September 18, 1990 Opinion & Order, 745 F.Supp. 189, 191–92 (S.D.N.Y.1990); August 27, 1990 Opinion & Order, 745 F.Supp. 908, 911 (S.D.N.Y.1990); March 13, 1990 Opinion & Order, *supra*, 743 F.Supp. at 159–60, *aff'd*, 905 F.2d at 622; January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1045–57, *aff'd*, 907 F.2d 277 (2d Cir.1990); November 2, 1989 Memorandum & Order, 725 F.Supp. 162, 169 (S.D.N.Y.1989). Parise challenges the Independent Administrators findings on both charges.

### A.  Charge One

As to Charge One, the Independent Administrator found that the evidence conclusively proved that on September 4, 1987, Parise went to Jerry Jones' place of employment and violently threatened him. (Ind.Admin.Dec. at 5). Parise's threats to Jones were captured on an audio tape of the September 4, 1987 encounter. Parise's threats included statements such as the following:

> The day after the Pressman's election, you'll be sorry the day you were born, you mother fucker.... Every time you turn around, I'll have somebody give you a fucking beating. You understand me? [Investigations Officer Ex. 5A at 1–2]

\*     \*     \*     \*     \*     \*

> When I get through with you, you won't be fit to be garbage man. Let me tell you something else. When I get through with you, you won't get a fucking job any place Teamsters are at. Do you understand? [*Id.* at 8]

\*     \*     \*     \*     \*     \*

> Like I told you, you better hope this fucking election don't come for three years, because I'm telling you, the day after it you're through. Do you understand?.... Every time you open that fucking mouth, somebody's going to bust it for me. That's the way it's going to be around here. The day after that fucking election.... The only reason I didn't do it now is I ain't going to give those clowns an issue and make you a fucking big man. But the day after, win, lose or

draw, you're fucked and I want you to know it. You understand? [*Id.* at 12–13]

At his disciplinary hearing, Parise admitted that he threatened to have Jones physically beaten, and that he threatened to use his position as a union official to have Jones fired. (Tr. at 105, 106).[2] Further, subsequent to his disciplinary hearing, Parise plead guilty to a criminal charge arising out of the September 4, 1987 incident. Specifically, Parise plead guilty to violent deprivation of a union members rights in violation of 29 U.S.C. § 530 in the United States District Court for the Northern District of Ohio.

■ Because Parise entered a guilty plea to the criminal charge arising from the September 4, 1987 incident, he is collaterally estopped from contesting the facts underlying the disciplinary charge arising from the same incident. *See United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 623 (2d Cir.1990), *aff'g*, 745 F.Supp. at 911; June 6, 1991 Opinion & Order, 775 F.Supp. at 94–95 (S.D.N.Y.1991). Nonetheless, Parise raises several challenges to Charge One.

Parise argues that the Independent Administrator incorrectly rejected his affirmative defense under Article XIX, § 3(d) of the IBT Constitution. Section 3(d) provides that an IBT elected official may not be disciplined for "activities or actions ... known generally by the membership" when that official was last elected to his IBT post. In order to invoke this affirmative defense, an IBT official has the burden of demonstrating that the relevant membership had "conclusive knowledge" that he was "actually guilty of the conduct charged" when he was elected. June 6, 1991 Opinion and Order, 775 F.Supp. at 96–97 (S.D.N.Y.1991); May 10, 1991 Opinion and Order, *slip opinion*, at 9–10 (S.D.N.Y.1991); March 13, 1990 Opinion & Order, 743 F.Supp. 155, 166 (S.D.N.Y.), *aff'd*, 905 F.2d 610 (2d Cir.1990).

■ Parise denied his guilt up until the day of his disciplinary hearing. Parise indicated, in an open letter published by Parise's attorneys in the Local 473 newsletter in the Summer of 1990, that he would "defend [himself] against the charges filed by Carberry." (Inv.Off.Ex. 13 at p. 5). It is now well settled that charged IBT officials who deny their conduct to the membership cannot invoke the § 3(d) defense. June 6, 1991 Opinion and Order, 775 F.Supp. at 96–97 (S.D.N.Y.1991); May 10, 1991 Opinion and Order, *slip opinion*, at 9–10 (S.D.N.Y.1991); March 13, 1990 Opinion & Order, 743 F.Supp. at 166 (S.D.N.Y.), *aff'd*, 905 F.2d 610 (2d Cir.1990). Based on Parise's denial of the charge up until the disciplinary hearing and a review of the evidence presented by Parise, the Independent Administrator found that Parise failed to establish a § 3(d) defense. Given Parise's denial, this finding was inescapable. Parise's argument to the contrary is wholly without merit.

■ Parise next challenges the Independent Administrator's imposition of a twenty-four month suspension on this charge because of the agreement he entered into with the Investigations Officer calling for a three month suspension. That agreement was approved by the Independent Administrator, but was rejected by this Court. Paragraph 12(A) of the Consent Decree specifically provides that "[a]ny decision of the Independent Administrator shall be ... subject to the Court's review as provided herein." Further, the agreement between Parise and the Investigations Officer specifically provided for its submission to the District Court so that it may "be entered as an order." (December 18, 1990 Agreement at p. 4, ¶ 7). Given the clear language of the Consent Decree and the agreement itself, Parise's argument is without merit. After hearing Parise testify at his disciplinary hearing, and in imposing a twenty-four month suspension, the Independent Administrator stated, "had there been no tape, Parise would have carried out his threats to 'blackball' Jones and have him physically injured. Parise did not strike me as a man who made idle threats." (Ind.Admin.Dec. at 14). In addition, in im-

---

**2.** "Tr." refers to the hearing transcript before the Independent Administrator.

posing the twenty-four month suspension, the Independent Administrator had before him Parise's guilty plea, entered after the disciplinary hearing, to a criminal charge arising out of the September 4, 1987 incident. Accordingly, the imposition of a twenty-four month suspension was neither arbitrary or capricious.

■ Finally, Parise argues that his actions were not "corrupt," and that his suspension is therefore inappropriate because the misdemeanor to which he pleaded guilty is not an offense for which he can be barred from union office under 29 U.S.C. § 504. Parise does not cite any authority for this argument. Indeed, the caselaw directly contradicts Parise's assertion. *United Union of Roofers, Inc. v. Meese*, 823 F.2d 652, 655–659 (1st Cir.1987); *see Illario v. Frawley*, 426 F.Supp. 1132 (D.N.J.1977). Accordingly, Parise's argument is frivolous.

### B. Charge Two

■ As to Charge Two, the Independent Administrator found that the Investigations Officer established that Parise violated Article II, Section 2(a) and Article XIX, Section 6(b) of the IBT Constitution and the AFL–CIO Code of Ethical Practices by taking the Fifth Amendment and refusing to answer certain questions during his July 2, 1990 deposition. IBT members may be disciplined for bringing reproach upon the IBT by taking the Fifth Amendment and refusing to testify. August 27, 1990 Opinion & Order, 745 F.Supp. 908, 917 (S.D.N.Y.1990). The Independent Administrator found, and a review of the deposition transcript reveals, that Parise refused to answer questions "not only in connection with his pending criminal prosecution, but in connection with many other legitimate areas of inquiry which were not the subject of the then pending indictment." (Ind.Admin.Dec. at 10).

■ Parise argues that the Independent Administrator's finding on Charge Two violates the Fifth Amendment. This argument is premised on the contention that the actions of the Independent Administrator in disciplinary proceedings, such as this case, constitute "state action." The Court of Appeals and this Court have conclusively established that the Independent Administrator's conduct in disciplinary proceedings does not constitute state action. *United States v. IBT*, 941 F.2d 1292, 1295–97 (2d Cir.1991); October 9, 1991 Memorandum & Order, 777 F.Supp. at 1126 (S.D.N.Y.1991). Because the Independent Administrator's decision to discipline Parise was not state action, his Fifth Amendment claim must fail.

Parise argues that he can not be disciplined for violating the AFL–CIO Code of Ethical Practices, which states that it is the policy of the AFL–CIO that if a union officer "decides to invoke the Fifth Amendment for his personal protection and to avoid scrutiny … he has no right to continue to hold office in his union." The fundamental flaw with Parise's argument is that he was not disciplined for violating the AFL–CIO Code of Legal Practices, but was disciplined for violating Article II, Section 2(a) and Article XIX, Section 6(b) of the IBT Constitution by conducting himself in a manner bringing reproach upon the Union. The Independent Administrator specifically considered the AFL–CIO Code within the parameters of the IBT Constitution, and found the Code to be probative in the context of considering whether Parise violated his oath of office. (Ind.Admin.Dec. at 12). The Second Circuit and this Court have long ago settled the power of the Investigations Officer to bring and the Independent Administrator to decide such a charge. *United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610 (2d Cir.1990), *aff'g* March 13, 1990 Opinion & Order, 743 F.Supp. 155 (S.D.N.Y.1990). Accordingly, Parise's argument is frivolous.

In sum, there was overwhelming evidence to support both charges against Parise, and an ample basis to impose a concurrent suspension of twenty-four months. The Independent Administrator's decision is neither arbitrary nor capricious. Accordingly, the decision of the Independent Administrator is affirmed in all respects.

### III. CONCLUSION

IT IS HEREBY ORDERED that Parise's objections to the Independent Administrator's decision are denied.

IT IS FURTHER ORDERED that the decision of the Independent Administrator is affirmed in all respects.

IT IS HEREBY ORDERED that the stay of penalties imposed on Parise by the Independent Administrator is dissolved, effective immediately.

SO ORDERED.