**UNITED STATES of America, Appellee,**

**Hon. Frederick B. Lacey, Independent Administrator, Charles M. Carberry, Investigations Officer, Appellees,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants,**

**Mario Abrego, Robert Ottman, Langston McKay, William Simmons, Sr., and Harold Wolchok, Appellants.**

Nos. 894, 895, Dockets 93–6196, 93–6204.

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1994.

Decided Jan. 18, 1994.

Robert M. Baptiste, Washington, DC (Patrick J. Szymanski, James F. Wallington, and Baptiste & Wilder; Karen Honeycutt, and Vladeck, Waldman, Elias & Englehard, New York City, on the brief), for appellant Harold Wolchok.

Irving T. Bush, New York City (Miller & Bush, on the brief), for appellants Mario Abrego, Robert Ottman, Langston McKay, and William Simmons, Sr.

Charles M. Carberry, New York City (Charles M. Kennedy, Marla S.K. Gale, and Jones, Day, Reavis & Pogue, on the brief), for appellees the Independent Adm'r and the Investigations Officer.

Richard W. Mark, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., and Gabriel W. Gorenstein, Asst. U.S. Atty., on the brief), for appellee United States.

Before: TIMBERS, KEARSE, and LEVAL, Circuit Judges.

TIMBERS, Circuit Judge:

Appellants appeal from orders entered in the Southern District of New York, David N. Edelstein, *District Judge*, 817 F.Supp. 337 (S.D.N.Y.1993), 824 F.Supp. 406 (S.D.N.Y. 1993), affirming the October 1, 1992 decision by Frederick B. Lacey, the Independent Administrator of the International Brotherhood of Teamsters (IBT). The Independent Administrator found that appellants, members or former members of the Executive Boards of IBT Locals 868 and 917, breached their fiduciary duties to the union membership in violation of the IBT Constitution. Appellants then moved in the district court for review of the Independent Administrator's decision. The court held that the Independent Administrator's findings were supported by substantial evidence. We agree. We affirm.

I.

The court held that the evidence supported the Independent Administrator's finding that appellants established an Associate Membership program to enrich themselves and not for the benefit of their unions. This program allowed employers to enroll their non-union employees in Local 917's Health Fund in return for a service fee paid to the unions. During the first two years of the program, appellants took salary increases that nearly equalled the fees collected from the program, and, in later years, the changes in appellants' salaries closely tracked the fees received from the program. Furthermore, members of the locals did not receive any direct benefits from the program. We agree with the district court that this is substantial evidence supporting the Independent Administrator's finding that appellants breached their fiduciary duties through the Associate Membership program.

The court also held that the evidence supported the Independent Administrator's finding that appellant Wolchok violated 29 U.S.C. § 503(a) (1988) by authorizing a $4,309.55 loan to Local 917's President, John Burke. Wolchok claims that he did not willfully violate § 503(a), which prohibits labor organizations from loaning union officers in excess of $2,000, since he did not consider this salary advance to be a loan. We find this claim to be incredible since Wolchok signed a financial report that described the advance as a loan.

The court also affirmed the Independent Administrator's finding that Wolchok lied to an IBT auditor in April 1989 by stating that Burke had repaid the November 1988 loan. While literally accurate, we hold that this statement was intentionally mislead-

ing, since Wolchok knew that Burke was rolling over the loan by obtaining a new advance every month and using it to repay the previous month's advance.

Finally, the court affirmed the Independent Administrator's finding that Wolchok embezzled union funds by approving a retroactive salary increase to Burke in November 1989. The evidence shows that Burke was compensated fully for the year's work and that the sole purpose of the retroactive increase was to allow Burke to "repay" his loan without having to provide any money. In addition, the evidence supports the Independent Administrator's finding that Wolchok failed to inform the Executive Board of the true purpose of the retroactive salary increase. The Independent Administrator properly found that Wolchok embezzled funds from Local 917.

The Administrator's findings pass muster under our deferential standard of review.

## II.

To summarize:

The court properly held that the Independent Administrator's findings were supported by substantial evidence.

Affirmed.