UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.

In re APPLICATION IV OF the INDEPENDENT REVIEW BOARD.

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

June 2, 1994.

Steven C. Bennett, Asst. U.S. Atty., for plaintiff.

Judith A. Scott, Gen. Counsel, Intern. Broth. of Teamsters, for defendants.

### MEMORANDUM & ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement of an action commenced by plaintiff United States of America against, *inter alia*, defendants International Brotherhood of Teamsters ("IBT") and the IBT's General Executive Board embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). Pursuant to the Rules and Procedures for Operation of the Independent Review Board for the International Brotherhood of Teamsters ("IRB Rules"), ¶ O, the Independent Review Board ("IRB") has made an application to this Court seeking approval of its decision in this matter.

Application IV presents for this Court's review the decision of the IRB regarding disciplinary charges brought against Patrick C. Dellorusso ("Dellorusso"), a former member and shop steward of IBT Local 295 located in Jamaica, New York. These charges are contained in an investigative report issued by the IRB on October 29, 1993.[1] Dellorusso was charged as follows:

A. Charge One:

While an IBT member, you brought reproach upon the IBT and violated your membership oath in violation of Article II, Section 2(a) and Article XIX, Section 7(b)(1), (2) and (9), to wit:

While a member of IBT Local 295, you were a member of organized crime.

B. Charge Two:

While an IBT member, you brought reproach upon the IBT and violated your membership oath in violation of Article II,

---

1. The IRB is vested with broad investigatory and disciplinary powers. The IRB's investigatory authority is coextensive with that of the General President and the General Secretary–Treasurer under the IBT Constitution and applicable law. *See* February 2, 1994 Memorandum & Order, 842 F.Supp. 1550, 1551–52 (S.D.N.Y.1994); *see also* August 19, 1991 Opinion & Order, 803 F.Supp. 761, 768 (S.D.N.Y.1992), *aff'd in relevant part,* 998 F.2d 1101 (2d Cir.1993). Under the Consent Decree, the IRB must use this authority, among other things, to investigate allegations of corruption within the IBT, allegations of influence by La Cosa Nostra or other organized crime groups upon IBT members or activities, and any failure of IBT members or leadership to cooperate fully with the IRB. *Id.; see* Consent Decree § G(a).

Section 2(a) and Article XIX, Section 7(b)(1), (2) and (9), to wit:

While a member of IBT Local 295, you knowingly associated with members of La Cosa Nostra, including, but not limited to, Alphonse D'Arco and Louis Daidone.

(Opinion of the Independent Review Board In re: Patrick C. Dellorusso (January 28, 1994), Ex. A. at 12–13.)

A hearing on the above-quoted charges was scheduled for January 11, 1994 ("the hearing"). On December 16, 1993, the IRB sent a Notice of Hearing ("the Notice"), a copy of the IRB investigative report with exhibits, and the IRB Operating and Hearing rules to Dellorusso at the Metropolitan Correctional Center in Manhattan, where he was being held pending trial on federal criminal charges. The Notice informed Dellorusso that he had the option of attending the hearing or submitting a written statement and documentary evidence to be received by the IRB by January 10, 1994. The Notice further informed Dellorusso that, if he wished to be represented by counsel or some other representative at the hearing, he was to notify the IRB by January 7, 1994. Dellorusso failed, however, to submit a written statement or otherwise respond to the Notice, and did not appear at the hearing.

At the hearing, the IRB heard testimony from Special Agent Brian Taylor of the Federal Bureau of Investigation ("FBI"). The IRB also reviewed Mr. Taylor's sworn declaration, which was submitted as an exhibit. Based on Mr. Taylor's testimony regarding his experience with the FBI, the IRB found that Mr. Taylor had extensive experience investigating matters involving La Cosa Nostra in and around the New York City area. Mr. Taylor testified that Dellorusso was a member of the Luchese La Cosa Nostra family in New York and that Dellorusso had, at all pertinent times, associated with members of organized crime. Mr. Taylor testified that his conclusion was based on his experience investigating organized crime in the New York City area, his review of documents, his conversations with Special Agents over whom he had supervisory responsibility, and his interview with Alphonse D'Arco, a former senior member of the Luchese La Cosa Nostra family who has become a Government witness. The IRB found Mr. Taylor's testimony and sworn declaration to be credible.

At the conclusion of the hearing, the IRB kept the hearing record open for ten days in order to afford Mr. Dellorusso an opportunity to review a copy of the transcript of the hearing and to communicate with the IRB in the event he wished to submit any evidence on his own behalf. The IRB sent Dellorusso a letter dated January 11, 1994, which informed him that the record was being kept open for ten days to give him an opportunity to present any evidence and that he could apply for an extension of time if he wished to submit evidence. A transcript of the hearing was attached to the letter. Dellorusso failed to submit any evidence or otherwise respond to the IRB.

Based on the evidence produced at the hearing, the IRB held that it had been established by a preponderance of the evidence, see IRB Rules, ¶ J.6, that Dellorusso at all pertinent times had been a member of the Luchese La Cosa Nostra family and had associated with members of organized crime. Having held that both charges against Dellorusso had been proved, and having considered the seriousness of the charges, the IRB permanently debarred Dellorusso from the IBT.

The IRB's findings and rulings are contained in a four page opinion, and are based on evidence presented at a hearing at which Dellorusso was given the opportunity to present evidence and testimony on his behalf. Indeed, the IRB provided Dellorusso with ample opportunity, both before and after the hearing, to present evidence on his own behalf and to be represented by counsel if he so desired. Dellorusso failed to communicate with the IRB.

By letter dated April 25, 1994, this Court informed Dellorusso that if he wished to object to the IRB's findings and rulings, any objections to IRB Application IV could be submitted to this Court on or before May 9, 1994. Dellorusso failed to submit any objections to IRB Application IV and to date has not communicated with this Court.

Having carefully reviewed the IRB's opinion, as well as the exhibits attached thereto, I find that the IRB's decision is not arbitrary or capricious. *See* IRB Rules, ¶ O ("In reviewing actions of the IRB, this Court shall apply the same standard of review applicable to review of final federal agency action under the Administrative Procedure Act."); *see also* May 6, 1994 Opinion & Order, *slip op.* at 4, 1994 WL 178135 (S.D.N.Y.1994). Accordingly, the decision of the IRB is affirmed in its entirety.

SO ORDERED.