**178**

UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.

In re APPLICATION XII of the INDEPENDENT REVIEW BOARD.

No. 88 Civ. 4486 (DNE).

United States District Court,
S.D. New York.

Dec. 7, 1994.

Mary Jo White, U.S. Atty., S.D.N.Y., Christine Chung, Asst. U.S. Atty., for plaintiff.

Judith A. Scott, Gen. Counsel, Intern. Broth. of Teamsters, for defendants.

*MEMORANDUM & ORDER*

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement of an action commenced by plaintiff, United States of America, against, *inter alia,* defendants International Brotherhood of Teamsters ("IBT") and the IBT's General Executive Board embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). Pursuant to the Rules and Procedures for Operation of the Independent Review Board for the International Brotherhood of Teamsters ("IRB Rules"), ¶ O, the Independent Review Board ("IRB") has made an application to this Court seeking approval of the IRB's decision in this matter.

Application XII presents for this Court's review the decision of the IRB regarding disciplinary charges brought against Anthony Michael Senter ("Senter"), a former member of IBT Local 813. These charges are contained in an investigative report issued by the IRB on August 2, 1994.[1] Senter was charged as follows:

> While an IBT member, you brought reproach upon the IBT and violated your membership oath in violation of Article II, Section 2(a) and Article XIX, Section 7(b)(1), (2), (9) and (11) to wit:

> While a member of IBT Local 813, you were a member of organized crime. In addition, while a member of Local 813 you were a distributer of multiple kilos of co-

---

1. The IRB is vested with broad investigatory and disciplinary powers. The IRB's investigatory authority is coextensive with that of the General President and the General Secretary–Treasurer under the IBT Constitution and applicable law. *See* February 2, 1994 Memorandum & Order, 842 F.Supp. 1550, 1551–52 (S.D.N.Y.1994); *see also* August 19, 1991 Opinion & Order, 803 F.Supp. 761, 768 (S.D.N.Y.1992), *aff'd in relevant part,* 998 F.2d 1101 (2d Cir.1993). Under the Consent Decree, the IRB must use this authority, among other things, to investigate allegations of corruption within the IBT, allegations of influence by La Cosa Nostra or other organized crime groups upon IBT members or activities, and any failure of IBT members or leadership to cooperate fully with the IRB. *Id.; see* Consent Decree § G(a).

caine and multiple tons of marijuana and conspired to commit murder. On June 28, 1989 you were convicted in United States District Court of racketeering activity as defined by applicable law, including conspiracy to commit murder and drug trafficking, which offenses were committed while you were a member of Local 813. (Opinion of the Independent Review Board In re: Anthony Michael Senter (August 2, 1994), Ex. A. at 4–5.)

A hearing on the above-quoted charges was scheduled for July 6, 1994 ("the hearing"). The IRB sent a Notice of Hearing, a copy of the IRB Investigative Report, and the IRB Operating and Hearing Rules to Senter at the Federal Penitentiary in Lompac, California, where Senter was incarcerated. Senter did not respond to the IRB and, on July 6, 1994, the noticed hearing went forward.

At the hearing, the IRB heard testimony from Special Agent Brian Taylor of the Federal Bureau of Investigation ("FBI"). The IRB also reviewed Mr. Taylor's sworn declaration, which was submitted as an exhibit. Mr. Taylor testified that Senter was a member of the Luchese family of La Cosa Nostra. Mr. Taylor testified that his conclusion was based on his review of Senter's indictment, certain statements by Judge Broderick during Senter's trial, the opinion of the United States Court of Appeals for the Second Circuit affirming Senter's conviction, and certain internal FBI documents, as well as discussions with members of the FBI Luchese La Cosa Nostra squad in New York. The IRB found Mr. Taylor's testimony and sworn declaration to be credible. At the conclusion of the hearing, the IRB determined that it would keep the record open for ten days to permit Senter to review a copy of the transcript of the hearing and to respond or submit materials to the IRB for consideration. Again, Senter failed to respond to the IRB.

Based on the evidence presented at the hearing, the IRB held that it had been established by a preponderance of the evidence, see IRB Rules, ¶ J.6, that the organized crime charges against Senter had been proved. Having held that the charge against Senter concerning his membership in organized crime had been proved, and having considered the seriousness of this charge, the IRB permanently debarred Senter from the IBT. In light of its decision to bar Senter from the IBT for life on the basis of his membership in organized crime, the IRB found no need to address Senter's racketeering, drug trafficking, and conspiracy to commit murder charges.

The IRB's findings and rulings are contained in a four-page opinion and are based on evidence presented at a hearing at which Senter was given the opportunity to present evidence and testimony on his behalf. As discussed above, Senter failed to respond to the IRB's communications either before or after his noticed hearing. Senter has, however, objected to IRB Application XII by letter addressed to this Court. In his letter, Senter denies that he has ever been a member of La Cosa Nostra and claims that the testimony presented at the hearing is unreliable. The Court has received responses to Senter's letter from the Government and the IRB Chief Investigator.

As a threshold matter, Senter has defaulted on his claims by failing to respond to the IRB either before or after his noticed hearing, and thus he has waived his right to challenge the evidence presented at the hearing. This Court has previously held, during an earlier phase of the Consent Decree, that failure to appear at a noticed hearing before the Independent Administrator constitutes a waiver of the right to challenge the evidence presented at that hearing. See September 18, 1990 Opinion & Order, 745 F.Supp. 189, 193 (S.D.N.Y.1990) (failure to appear at hearing before the Independent Administrator constitutes waiver of right to challenge evidence presented at hearing); August 27, 1990 Opinion & Order, 745 F.Supp. 908, 919 (S.D.N.Y.1990) (subject of disciplinary proceeding "defaulted by not appearing at his hearing before the Independent Administrator"), aff'd, 941 F.2d 1292 (2d Cir.1991), cert. denied, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992). Similarly, failure to appear at a noticed hearing before the IRB or to respond to the IRB in writing constitutes a default and waiver of the right to challenge the evidence presented at that hearing. This rule is supported by Second Circuit decisions concerning the standard of review set forth in the Administrative Procedure Act. See, e.g., Franklin County Employment and

*Training Admin. v. Donovan,* 707 F.2d 41, 44–45 (2d Cir.1983) ("all issues which a party contests on appeal must be raised at the appropriate time under agency practice"). Because the IRB rules incorporate the same standard of review, *see* IRB Rules, ¶ O, Senter is barred from raising any issues that he failed to raise at the hearing.

█ Moreover, even if Senter had not defaulted on his claims, these claims are clearly without merit. The IRB's finding that Senter is a member of organized crime is amply supported by the evidence, including the extensive testimony of an FBI organized-crime expert. Having carefully reviewed the IRB's opinion, as well as the exhibits attached thereto, I find that the IRB's decision is not arbitrary or capricious. *See* IRB Rules, ¶ O; *see also* October 19, 1994 Memorandum & Order, 1994 WL 577003, at *1–2, 1994 U.S.Dist. LEXIS 14900, at *4–*5 (S.D.N.Y. 1994); September 22, 1994 Memorandum & Order, 1994 WL 520029, at *2, 1994 U.S.Dist. LEXIS 13407, at *4–*5 (S.D.N.Y.1994); June 2, 1994 Memorandum & Order, 853 F.Supp. 757, 758–59, 1994 U.S.Dist. LEXIS 7425, at *6 (S.D.N.Y.1994); May 6, 1994 Memorandum & Order, 1994 WL 178135, at *1–2, 1994 U.S.Dist. LEXIS 6513, at *5 (S.D.N.Y.1994). Accordingly, the decision of the IRB is affirmed in its entirety.

SO ORDERED.