UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.

In re APPLICATION XVII OF the INDEPENDENT REVIEW BOARD.

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

March 1, 1995.

Mary Jo White, U.S. Atty., S.D.N.Y., Christine Chung, Asst. U.S. Atty., for plaintiff.

Judith A. Scott, Gen. Counsel, Intern. Broth. of Teamsters, for defendants.

*MEMORANDUM & ORDER*

EDELSTEIN, District Judge.

This opinion emanates from the voluntary settlement of an action commenced by plaintiff, the United States of America, against defendants, International Brotherhood of Teamsters ("IBT"), *et al.* This settlement was embodied in a voluntary consent order entered March 14, 1989 ("the Consent Decree"). Pursuant to paragraph O of the Rules and Procedures for Operation of the Independent Review Board for the International Brotherhood of Teamsters ("the IRB Rules"), the Independent Review Board ("the IRB") has made an application to this Court, seeking approval of the IRB's decision in this matter.

Application XVII presents for this Court's review the IRB's decision regarding disciplinary charges brought against Edward Garafola ("Garafola"), a member of IBT Local 813, which is located in New York City, New York. "In reviewing actions of the IRB, this Court [applies] the same standard of review applicable to review of final federal agency action under the Administrative Procedure Act." *See* IRB Rules, ¶ O. Thus, this Court must determine whether the IRB's decision was arbitrary and capricious.

The charges that the IRB brought against Garafola are contained in an investigative report issued by the IRB on July 12, 1994.[1] Garafola was charged as follows:

Charge One:

While a member of Local 813, you brought reproach upon the IBT and violated your membership oath in violation of Article II, Section 2(a) and Article XIX, Section 7(b)(1)[,] (2) and (9)[,] to wit:

While a member of IBT Local 813, you were a member of organized crime.

1. The IRB is vested with broad investigatory and disciplinary powers. The IRB's investigatory authority is coextensive with that of the General President and the General Secretary–Treasurer under the IBT Constitution and applicable law. *See* February 2, 1994 Memorandum & Order, 842 F.Supp. 1550, 1551–52 (S.D.N.Y.1994); *see also* August 19, 1992 Opinion & Order, 803 F.Supp. 761, 768 (S.D.N.Y.1992), *aff'd in relevant part,* 998 F.2d 1101 (2d Cir.1993). Under the Consent Decree, the IRB must use this authority, among other things, to investigate allegations of corruption within the IBT, allegations of influence by La Cosa Nostra or other organized crime groups upon IBT members or activities, and any failure of IBT members or leadership to cooperate fully with the IRB. *See id.;* Consent Decree ¶ G(a).

Charge Two:

While a member of Local 813 you violated Article XIX Section 14(i) of the Constitution and obstructed, interfered and unreasonably failed to cooperate with the duties of the Independent Review Board as set forth in paragraph G of the March 14, 1989 Consent Decree in *United States v. International Brotherhood of Teamsters,* 88 Civ. 4486 (S.D.N.Y.), to wit:

On June 17, 1994, you wilfully and without justification refused to appear for your sworn in-person examination pursuant to Paragraph H.3 (c) of the Rules and Procedures for Operation of the Independent Review Board for the International Brotherhood of Teamsters.

(Decision of the Independent Review Board In Re: Edward Garafola (January 3, 1995), Ex. A. at 6–7).

On October 6, 1994, the IRB sent a Notice of Hearing to Garafola at his residence. This notice stated that a hearing on the above-quoted charges was scheduled for November 3, 1994 ("the hearing"). Along with this notice, the IRB sent a copy of the IRB Investigative Report, with exhibits, and a copy of the IRB Operating and Hearing Rules. Mr. Garafola failed to attend the hearing on November 3, 1994.

At the hearing, the IRB heard testimony from Special Agent Brian F. Taylor ("Taylor") of the Federal Bureau of Investigation ("FBI"). The IRB also reviewed Taylor's sworn declaration, which was executed on September 30, 1994, and which was submitted as an exhibit at the hearing. Based on Taylor's testimony regarding his experience with the FBI, the IRB found that Taylor had extensive experience investigating matters involving La Cosa Nostra. Taylor testified that Garafola was a member of the Gambino Family of La Cosa Nostra. Taylor stated that his testimony was based on FBI files and the briefing of cooperating witnesses and informants. The IRB found Taylor's testimony and sworn declaration to be credible.

At the conclusion of the hearing, the IRB kept the hearing record open until ten days after Garafola received a copy of the hearing transcript. The IRB sent Garafola a letter, dated November 17, 1994, which informed him that the record was being kept open for ten days to give him an opportunity to present evidence. A transcript of the hearing was enclosed with the letter. Garafola failed to submit any evidence or otherwise respond to the IRB.

Based on the evidence produced at the hearing, the IRB held that it had been established by a preponderance of the evidence, *see* IRB Rules, ¶ J.6, that Garafola was a member of the Gambino Family of La Cosa Nostra and had associated with members of organized crime. Accordingly, the IRB concluded that "Charge One" against Garafola had been proven. Having determined that the first charge against Garafola had been proven, the IRB decided that there was no need to address the merits of the second charge. After considering the gravity of the charge that had been proven against Garafola, the IRB permanently debarred Garafola from the IBT.

The IRB's findings and rulings are contained in a four-page opinion. These findings and rulings are based on evidence presented at a hearing at which Garafola was given the opportunity to present evidence on his behalf. Indeed, the IRB provided Garafola with ample opportunity, both during and after the hearing, to present evidence on his own behalf and to be represented by counsel if he so desired. Despite these opportunities, Garafola failed to communicate with the IRB.

By letter dated February 2, 1995, this Court informed Garafola that if he wished to object to the IRB's findings and rulings, any objections to IRB Application XVII could be submitted to this Court on or before February 16, 1995. Garafola failed to submit any objections to IRB Application XVII and, to date, has not communicated with this Court.

Having carefully reviewed the IRB's opinion, as well as the exhibits attached thereto, I find that the IRB's decision is not arbitrary or capricious. *See* IRB Rules, ¶ O ("In reviewing actions of the IRB, this Court shall apply the same standard of review applicable to review of final federal agency action under the Administrative Procedure Act."); *see also* December 7, 1994 Memorandum & Order, 871 F.Supp. 178, 179–80, (S.D.N.Y.1994); October 19, 1994 Memorandum & Order,

1994 WL 577003, at * 1–*2, U.S.Dist. LEXIS 14900, at *4–*5 (S.D.N.Y.1994); September 22, 1994 Memorandum & Order, 1994 WL 520029, at *2, 1994 U.S.Dist. LEXIS 13407, at *4–*5 (S.D.N.Y.1994); June 2, 1994 Memorandum & Order, 853 F.Supp. 757, 758–59 (S.D.N.Y.1994); May 6, 1994 Memorandum & Order, 1994 WL 178135, at *1–*2, 1994 U.S.Dist. LEXIS 6513, at *5 (S.D.N.Y.1994). Accordingly, the decision of the IRB is affirmed in all respects.

SO ORDERED.